UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: COLGATE OPTIC WHITE
TOOTHPASTE MARKETING AND
SALES PRACTICES LITIGATION                                      MDL No. 2735

ORDER DENYING TRANSFER

**Before the Panel**:[*] Plaintiff in a Northern District of California action (*Vigil*) moves under 28 U.S.C. § 1407 to centralize this litigation concerning the marketing of Colgate Optic White toothpastes in the Southern District of New York. This litigation currently consists of three actions listed on Schedule A and pending in three districts. Defendant Colgate-Palmolive Co. (Colgate) supports centralization in the Southern District of New York. Plaintiffs in the Southern District of New York (*Canale*) and the Central District of California action (*Dean*), who are represented by common counsel, oppose centralization and, alternatively, suggest centralization in the Central District of California, where the *Dean* action has been pending for over eighteen months.

After considering all argument of counsel, we conclude that Section 1407 centralization of this litigation is not appropriate. The actions here undoubtedly involve common factual issues arising from the allegedly deceptive marketing and sale of Colgate Optic White toothpaste products.[2] Plaintiffs assert that defendant's contentions that the products can deeply whiten teeth and remove stains below the surface of teeth were false and misleading. All actions are putative class actions, and while the Central District of California and Southern District of New York cases allege multi-state classes that do not overlap, both of the putative classes in those actions overlap with the putative nationwide class alleged in the last-filed action pending in the Northern District of California. In litigation such as this, where only a few actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re: Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Moving plaintiff has failed to do so here.

The progress that has already taken place in *Dean*, and the limited number of involved counsel and courts lead us to conclude that centralization is not necessary to serve the convenience of the parties and witnesses or promote the just and efficient conduct of the actions. Instead, informal coordination of

---

[*] One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[2] The Colgate Optic White products at issue include: Sparkling White, Icy Fresh, Enamel White, Sparkling Mint, and White Mild Mint. The Colgate Optic White Platinum toothpastes at issue include: White & Radiant (formerly known as Optic White Platinum Whiten & Protect) and Lasting White (formerly Optic White Platinum Whiten & Protect).

- 2 -

discovery and pretrial motions is practicable and preferable to centralization. Various mechanisms are available to minimize or eliminate the possibility of duplicative discovery in the absence of an MDL. Notices of deposition can be filed in all related actions; the parties can stipulate that any discovery relevant to more than one action can be used in all those actions; or the involved courts may direct the parties to coordinate their pretrial activities. *See, e.g., In re: Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); MANUAL FOR COMPLEX LITIGATION, Fourth, § 20.14 (2004). Further, though we express no opinion on the viability of such relief, the parties may wish either to transfer two of the actions to a single, agreed-upon district under Section 1404 or, alternatively, consider seeking a stay, dismissal or transfer of any later-filed and duplicative cases under the "first-to-file rule" to streamline this litigation.[3]

IT IS THEREFORE ORDERED that the motion for Section 1407 centralization of the actions listed on Schedule A is denied.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*
Sarah S. Vance
Chair

Marjorie O. Rendell          Charles R. Breyer
Lewis A. Kaplan              Ellen Segal Huvelle
R. David Proctor             Catherine D. Perry

---

[3] The "first-to-file rule" is a doctrine of federal comity, pursuant to which, "'when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap.'" *In re: Spillman Dev. Group, Ltd.*, 710 F.3d 299, 307 (5th Cir. 2013) (quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir.1999)).

**IN RE: COLGATE OPTIC WHITE
TOOTHPASTE MARKETING AND
SALES PRACTICES LITIGATION**  MDL No. 2735

## SCHEDULE A

<u>Central District of California</u>

DEAN v. COLGATE-PALMOLIVE CO., C.A. No. 5:15-00107

<u>Northern District of California</u>

VIGIL v. COLGATE-PALMOLIVE CO., C.A. No. 3:16-02697

<u>Southern District of New York</u>

CANALE v. COLGATE-PALMOLIVE CO., C.A. No. 7:16-03308